Civil action to recover damages for an alleged breach of a written contract to convey land.
After the institution of this suit, and while the same was pending, complaint and answer having been filed, the parties voluntarily entered into the following agreement:
In this cause it is agreed between the parties that the whole matter in dispute, law and fact, be submitted to W. J. Wall, N. S. Jones, and Luther Baker as arbitrators.
The award of said arbitrators, or a majority of them, to be final, and when filed to become a rule of court. The parties to this instrument hereby further agree that the judge of the Superior Court shall sign a judgment at the next term based upon said award.
They hereby further agree to execute bond in the sum of $2,000, payable to the adverse party, the stipulations of said bond being that they will abide the award of the arbitrators and the judgment of the court rendered thereon.
It is further agreed that 29 September be fixed for taking testimony before the arbitrators herein named, to the end that the report may be filed in time for a judgment to be rendered thereon at the next term of the Superior Court of Stokes County, which convenes 1 November, 1920.
It is further agreed that in the event the arbitrators desire to view the land in person, before rendering their award, they are by this agreement permitted to do so. It is further agreed that, notwithstanding what the award may be, each party agrees to pay one-half of the cost of the arbitration. J. A. LONG, [SEAL] Plaintiff. CLEMMIE CROMER, [SEAL] JOSEPH H. CROMER, [SEAL] Witness: W. H. BECKERDITE. Defendants. *Page 355 
In an effort to carry out said agreement, the parties and their counsel met on two different occasions before the November Term, 1920; but at both times they were unable to go into a hearing on account of the absence of one of the arbitrators. Whereupon, at the said November term the plaintiff gave notice of withdrawal of his consent to arbitrate, and moved to have the case set for trial at the next term of the Superior Court. This motion was overruled; and the court, ex mero motu, entered the following order:
"This cause coming on to be heard upon motion of plaintiff to strike out the agreement to submit the matter in controversy to arbitration and place the cause upon the docket for trial at the next term of the court, and it appearing from the agreement to arbitrate the matters in controversy between the parties that `the award of said arbitrators, or a majority of them, to be final, and when filed to become a rule of the court.'
"The court concludes from this clause in the agreement that the agreement to arbitrate the matters in controversy was consented to by the parties under the supervision of the court, and it appearing that the arbitrators have failed to hear the matter and make any award in the case, and the plaintiff starting in open court that the withdraws his consent given in the order to arbitrate the matter, and refuses the right to allow the matter to be proceeded with, it is ordered by the court that the motion that the case be upon the trial docket of the calendar to the next term of the court be disallowed, and that the case be heard and determined by the arbitrators hereinbefore selected by the parties and named in the order, the court finding as a fact that one of the arbitrators refuses to serve as such.
"And that a copy of this order be certified by the clerk of this court to W. J. Wall, N. S. Jones, and Luther Baker, arbitrators, to proceed to hear and return the matter, and to return the award and further findings to the next term of this court.
"To this order and findings the plaintiff gives notice of appeal in open court. Notice waived. Appeal bond fixed in the sum of $35, adjudged sufficient.
"The record proper, together with a copy of the agreement to arbitrate and a copy of this order to constitute the case on appeal to the Supreme Court. J. BIS RAY,
Judge Presiding."
To the foregoing order plaintiff excepted and appealed.
It was stated upon the oral argument that while the agreement to arbitrate commenced with the words, "In this cause it is agreed," yet as a matter of fact said articles of agreement were never filed as a part of the record in the Superior Court. It also appears, from the face of the instrument, that the award of the arbitrators, or a majority of them, was to become a rule of court only when filed, and then it was to be a final settlement of the whole matter in dispute. And further, the date for taking testimony before the arbitrators was fixed "to the end that the report (award) might be filed in time for a judgment to be rendered thereon at the next term of the Superior Court of Stokes County, which convenes 1 November, 1920." Thus it would seem that the agreement to arbitrate was made ex curia and purposely limited as to time. Under these circumstances we think his Honor was without authority to enter the order which forms the basis of plaintiff's appeal.
This is not a suit to enforce an arbitration agreement, but to recover damages for an alleged breach of contract to convey land. The agreement to arbitrate was entered into pendente lite in an effort to expedite a hearing and to end the litigation. Failing to accomplish this result within the specified time, both parties were at liberty to treat the instrument as no longer binding and at an end.
We refrain from entering upon a discussion of the principles of arbitration and award, which were argued on the hearing, as we do not think they arise upon the record in this case. The order directing the arbitrators to proceed will be set aside, and the parties will take such further action as they may be advised.
Error.